THE LE ROY & CANEY VALLEY AIR LINE RAILROAD
COMPANY v. CORNELIUS V. SIDELL.

No. 11,589. (63 Pac. 599.)

RAILROAD—*Service of Summons Held Insufficient.* A railroad company was organized in Kansas, after which it built a line of railroad in the state. When the road was built the company leased and surrendered possession of the same, together with all other property owned by it, to another company for a period of forty years. After the lease was executed, it never operated a railroad nor held any business relations in the state, except as lessor of the railroad. An action was brought against the company, and a certified copy of a summons was served by leaving a copy thereof at the depot of the leased line, which was in charge of an agent of the lessee company, who had no connection with the lessor company. *Held,* that the service was insufficient.

Error from Wilson district court; L. STILLWELL, judge. Opinion filed January 5, 1901. Reversed.

*J. H. Richards, C. E. Benton,* and *N. P. Willits,* for plaintiff in error.

*S. S. Kirkpatrick & Son,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding brings up for decision the sufficiency of the service of a summons attempted to be made upon a railway corporation. In

1886 the Le Roy & Caney Valley Air Line Railroad Company constructed a railroad through Wilson county, and at the same time constructed depots at various points along the line, one of which was at the city of Fredonia, in Wilson county. When the railroad was constructed it was leased to the Missouri Pacific Railway Company, together with all sidings, depot buildings, and other property belonging to the railroad company, for a term of forty years, and the Missouri Pacific Railway Company immediately entered into the possession of the property and has continually operated it ever since that time.

An action was brought against the Le Roy & Caney Valley Air Line Railroad Company in Wilson county upon a judgment against the company previously recovered in New York. A summons was issued, and the sheriff in whose hands it was placed returned that he had served the same by leaving a certified copy thereof at the depot of the company, at Fredonia, with E. E. Munger, who was in charge of it. It was agreed, however, that Munger was not in the employ of the Le Roy & Caney Valley Air Line Railroad Company, but was in the employ of the Missouri Pacific Railway Company, and that he never was in the employ or under the direction and control of the Le Roy & Caney Valley Railroad Company. While the last-named company maintained an organization in the state, it had no officers or agents in Wilson county, and was not in possession of or operating any line of railroad in the state, and was not doing business in the state, unless the mere fact that it was the lessor of the line of railroad, as above set forth, shows that it was doing business in the state. There is a further stipulation that it had never designated any person in Wilson county on whom process could be served.

Railroad Co. v. Sidell.

It is contended that, under sec. 68*c* of the civil code
(Gen. Stat. 1897, ch. 95, § 69 ; Gen. Stat. 1899, § 4317 ),
service on any one in charge of a station which was
built and is owned by the company is sufficient to bind
the company.   The section cited is to be read and in-
terpreted in connection with the two sections immedi-
ately. preceding, as they are a part of the same act
and relate to the same subject.   In section 68*a* (Gen.
Stat. 1897, ch. 95, § 68 ; Gen. Stat. 1899, § 4315 ), it is
provided, in substance, that every railroad company do-
ing business in Kansas, or having agents doing busi-
ness therein for the. company, is required to designate
some person in each county through which its railroad
runs or its business is transacted on whom process and
notices may be served.   In section 68*b* (Gen. Stat. 1897,
ch. 95, § 68 ; Gen. Stat. 1899, § 4316 ), it is provided
that a certificate of the appointment of the person so
designated shall be filed in the office of the clerk of the
district court, and that service on such person shall be
deemed to be effectual and complete.   In section 68*c* it'
is provided that, if any company fails to designate such
person as required, process "may be served on any local
superintendent of repairs, freight agent, agent to sell
tickets, or station keeper of such company or corpora-
tion in such county, or such process may be served
by leaving a copy thereof, certified by the officer to
whom the same is directed to be a true copy, at any de-
pot or station of such company or corporation in such
county, with some person in charge thereof or in the em-
ploy of such company or corporation, and such service
shall be held and deemed complete and effectual."   It
is obvious from the language employed that these pro-
visions relate only to companies and corporations do-
ing business within the state.   A service upon the
officers or agents enumerated is to be made upon the

officers and agents of a company doing business in the state ; and a service by leaving a copy at a depot or station of "such" company or corporation certainly contemplates the depot or station of a company or corporation doing business in the state, and which is in charge of some person connected with or employed by the company.

It is stipulated that the defendant company was not doing business in the state, unless the fact that it was the lessor of the railroad shows that it was doing business.    The mere fact that it had executed a lease to another company for a term of forty years and had surrendered the possession of the road and all of its property, and was not engaged in the operation of any railroad in the state, is strong evidence that it was not doing business in the state.    Apart from this view, however, we think the statute contemplates that the summons shall be left at a depot or station occupied by the company, and with some person in charge thereof for the company or who is in the employ of the company.    Evidently it was the purpose of the legislature that notice of the institution of an action should be brought to the attention of some one connected with the business operations of the company. A summons left at a depot occupied by another company or by a stranger would hardly serve as a notice to the defendant company which had neither possession nor right of possession to the depot or the railroad, and which was not engaged in operating a railroad or any other business within the limits of the state.    Reasonable notice is essential to the maintenance of an action, and certainly the legislature did not intend that notice served on one corporation or person should be regarded as notice to a different corporation or person.    The words "depot or station

of such company" fairly mean the building used by the company as its depot or station ; and the words "with some person in charge thereof" mean some person in charge thereof for such company ; and the words "or in the employ of such company or corporation" mean in the employ of such company or corporation, whether in charge of the depot or not.

In our view, jurisdiction of the company was not obtained by the service that was made, and therefore the judgment of the district court will be reversed, and the cause remanded with directions to sustain the motion of the defendant to set aside and vacate the service of summons.